[Civ. No. 19245. Second Dist., Div. One. Jan. 23, 1953.]

Estate of WILLIAM L. EASLEY, Deceased. CARL H. THOMSEN, as Executor, etc., Petitioner and Appellant, v. SECURITY-FIRST NATIONAL BANK, Respondent; WILLIAM L. EASLEY, JR., Beneficiary and Appellant.

Harry F. Elliott for Appellants.

Maynard J. Givens for Respondent.

DORAN, J.—According to appellants' brief, "There is only one question of law involved in this appeal, namely the correctness of the court's decision in finding and establishing a trust under the terms of last will and testament of the decedent."

The testator's original will, which was typewritten, witnessed and dated June 2, 1936, had in Clause VIII, created a trust in favor of decedent's son and only heir. This will was followed by seven holographic codicils, one of which, dated May 10, 1947, "cancelled" the original Clause VIII and set up a new Clause VIII which did not make use of the terms "trust," "trustee," or "trust estate." The probate court concluded, nevertheless, that the substituted Clause VIII created a trust in favor of the son. From that decision and order of distribution, testator's son, and Carl H. Thomsen, the named executor, have appealed.

William L. Easley, the testator, died on July 25, 1947, and was survived by William L. Easley, Jr., appellant herein, who was then about 20 years of age, and had married at the age of 19. It may be noted that the testator's real estate consisted of an undivided one-half interest in business property located at 211-219 N. Market Street, Inglewood, California valued at $150,000, the other half interest belonging to the executor, Carl H. Thomsen.

The executor's final account shows other assets consisting of a record player, diamond ring, personal effects and household furniture, and cash in the sum of $4,209.69, the entire estate for distribution being valued at $153,609.25. On January 22, 1952, the son, William L. Easley, Jr., filed an Election of Beneficiary "to take the undivided one-half interest in the real estate which constitutes the principal asset of my father's estate in kind in place of having the real estate sold and the cash distributed to me."

Clause VIII of the original will reads as follows: "The remaining one-half of said residue, after the conversion thereof into cash by said executor, as hereinbefore provided in Clause V of my will, I give, devise and bequeath unto the Security-First National Bank of Los Angeles, in Trust, for the following uses and purposes." The trustee is directed to invest and reinvest the fund in stocks and bonds, income therefrom to be paid to decedent's son. One-third of the corpus is to be turned over to the son at the age of 25 years, another third at the age of 30, and the remainder to be paid over at the age of 35.

By another provision of the original will, the executor, co-owner of the business real estate, is authorized to make any improvements deemed necessary. In Clause V of a codicil dated June 12, 1937, testator provides that "All the rest, residue and remainder of my estate, of whatever kind and

nature, and wheresoever situated, I direct my executor, hereinafter named to reduce to cash as soon as in his sole and exclusive discretion, it shall be wise to do so; provided, however, that such sale and reduction to cash shall be within fifteen (15) years from the date of his appointment as such executor.''

By a codicil of May 10, 1947, the son is bequeathed ''All household furniture and personal property of any nature whatsoever including my camera equipment and automobiles, etc.'' This codicil contains the substituted Clause VIII, which appellants claim was not intended to create a trust, reading as follows:

''Clause VIII is hereby cancelled and a new Clause VIII shall read as follows—My Executor Carl H. Thomsen shall have complete discretion as to payments of income to my son. It being my desire as I know it is his desire to keep our property intact. I direct my Executor to pay to my son, William L. Easley, Jr. one-third of the total amount received from the final reduction to cash as per Clause V Paragraph 1. The balance I direct him to pay to the Security 1st Natl Bank and to hand the Security 1st Natl Bank the following instructions: Keep the money invested in cash account and do not pay said money to my son Wm. L. Easley except in case of· need. Bank to have sole power to determine amount of need. At the end five years from date you receive the money pay over one-half of the amount you received. At the end of the second five year period pay over to my son the balance in full. My son is to be helped at the Bank's full discretion during the second five year period.''

The trial court found that the above codicil ''created a trust and the Security-First National Bank of Los Angeles should be appointed Trustee and William L. Easley, Jr., as Beneficiary of said trust,'' and ordered distribution of one-third of the cash to the son, and the remaining estate to the bank in trust.

It is appellants' position that since by the express words of the codicil of May 10, 1947, ''Clause VIII is hereby cancelled,'' and the substituted provision hereinbefore set forth, contains no direct mention of a trust by name and no reference to a trust estate or a trustee, ''the new Clause VIII . . . fails to reveal any intention to create a trust.'' Appellants further contend that ''One striking characteristic which negatives the findings of an intention to create a trust is, that there is no disposition of the ·trust estate in· the event of the death of

William L. Easley, Jr., prior to its being paid over to him.''
In the order of distribution, appellants say, ''There is no
semblance of following the wishes of the testator. The Court
seems to have chiseled out or modeled a trust according to
the court's own conception of what the trust should be.''

The appellants' contentions are untenable, and the
order of the Probate Court declaring that a trust was created
by the codicil provision, must be sustained. It is conceded in
appellants' brief that the failure to use the terms ''trust,''
or ''trustee,'' or ''trust estate,'' is not controlling. As stated
in section 2222 of the Civil Code, ''a voluntary trust is created,
as to the trustor and beneficiary, by any words or acts of the
trustor indicating with reasonable certainty; 1. An intention
on the part of the trustor to create a trust, and, 2. The subject,
purpose and beneficiary of the trust.''

Although the technical terminology of trusts is not em-
ployed by the testator, it can hardly be doubted that, under
the code definition just referred to, a trust relation was in-
tended and actually created. The codicil in question was in
the testator's handwriting and employed the language of a
layman rather than that of an attorney. The ''subject, pur-
pose and beneficiary of the trust'' are, however, clearly
designated. Appellants' theory that William L. Easley in-
tended that the son should receive the property free from
any trust restriction is negatived by the language used.

Specific directions are given to the Security-First National
Bank, the same trustee named in the original will, regarding
the handling of the ''balance'' of the estate, one-half of which
is to be paid over to the son at the end of a five-year period.
Discretion is conferred on the bank to supply testator's son
with additional money ''in case of need.'' The remainder of
the corpus is to be turned over to William L. Easley, Jr.,
at the end of a second five-year period.

The fact that a sale of the business real estate which was
owned in equal shares by the testator and the executor, did
not occur, in no manner changes the legal aspect of the
situation. This, indeed, was contemplated by the testator,
it being the father's ''desire to keep our property intact.''
Certainly there is nothing expressed or implied, in either will
or codicils to indicate that if this property was not sold, the
son should receive the property outright. And by no theory
of election, equitable conversion or reconversion, may the
beneficiary of a trust be permitted to defeat the testator's
intention and destroy the trust.

**494**

█ "The long established rules for determining the testator's intention," correctly says respondent's brief, "are to consider testators will as a whole and give effect to each and every expression therein," rather than to analyze each sentence separately as appellants seem to have done in the present case. The construing of will and codicils as an entirety, leads to the conclusion that in substituting the new provisions for the original Clause VIII of the will, William L. Easley, Sr., had no intention of departing from the trust idea, but merely wished to alter the terms of the trust. The same trustee is to act; the same purpose is apparent, namely the quite natural desire to prevent waste or dissipation of the estate.

To approve appellants' position would amount to making a new will changing the son's status from beneficiary of a trust to that of heir at law and absolute devisee and legatee of the father's estate. This, no court has authority to accomplish.

The judgment and order appealed from are affirmed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied February 16, 1953, and appellants' petition for a hearing by the Supreme Court was denied March 23, 1953.